## SCOTT v. JOINT BOARD OF EDUCATION OF KENTUCKY & LOUISVILLE CONFERENCES OF METHODIST CHURCH et al.

Court of Appeals of Kentucky.
March 20, 1953.

Rehearing Denied June 5, 1953.

Supplemental Petition for Rehearing Denied June 19, 1953.

D. L. Pendleton, Marcus C. Redwine, Winchester, for appellant.

Stephen T. Davis, Winchester, for appellees.

CAMMACK, Judge.

Lena Mae Scott sued the appellees, alleging they "have wrongfully, unlawfully and unethically refused to act fairly by her, and have arbitrarily and without lawful reason refused to re-employ her" as a teacher of English at Kentucky Wesleyan College, a position which she held for four years, from 1947 to 1951. She asked for a judgment "for damages and salary in the sum of $5,000" and a decree "restoring her to her position as an associate professor of English on the faculty of Kentucky Wesleyan College" and for a declaration of rights. An amended petition added allegations that the appellees had made statements injurious to her professional and moral standing. Special and general demurrers were sustained to the petition, and Miss Scott having declined to plead further now appeals.

Miss Scott states in her brief that: "This is not a suit for performance of a contract, but is for a tortious violation of a right resulting from it."

Whatever the nature of the claim asserted, the complaint is based on the alleged violation of some right grounded in a contract relationship. Nowhere in the 25 pages of the petition and amended petition do we find facts pleaded which state a case of legal duty on the part of the appellees to re-employ Miss Scott. She argues that the Statement of Principles of the American Association of University Professors, of which she is a member, provides that a college teacher is entitled to permanent or continuous tenure after a three-year probationary period. Miss Scott's Exhibit A seems to contradict this allegation, however, since it provides for the maximum of seven years' probation. In any event, she does not allege that the Statement of Principles was accepted by the Board as a binding part of contracts of employment. However, she does allege that continuous tenure after a three-year probationary period is "usual" in member colleges of the Southern Association of Schools and Colleges, by which Kentucky Wesleyan is accredited. This also falls short of an allegation that contracts of the Board provide for continuous tenure after a three-year probationary period. In fact, Miss Scott specifically alleges that the Board had not set up any period of probationary teaching as necessary for tenure. Her allegations concerning what the American Association of University Professors and the Southern Association regard as desirable tenure policies do not amount to an assertion that faculty members of Kentucky Wesleyan actually had any legal rights to tenure at the time of her discharge.

Miss Scott also asserted in her original petition that, when she began her fourth year's work, the Board promised that tenure would be established for her at the end thereof. This allegation of a specific promise of tenure was contradicted, however, by her allegation that the promise was conditioned that she serve "satisfactorily."

Although the petition further alleges that her service was satisfactory to 90 per cent of the faculty and 100 per cent of the students, this does not amount to an allegation that her service during the fourth year of employment was satisfactory to the Board. We conclude, therefore, that Miss Scott has failed also to allege a specific contractual promise by the Board to give her tenure or even to rehire her for 1951–1952. In the face of this fundamental defect, we need not consider the question of what Miss Scott's rights might have been if she had alleged facts making out a case of tenure status.

Under the circumstances, we think the chancellor properly sustained the general demurrer to the petition as amended.

Judgment affirmed.